STATE OF FLORIDA, on relation of J. A. HUNTINGTON, *Plaintiff in Error*, vs. W. C. LANIER, City Tax Collector of the City of Orlando, Florida, and CITY OF ORLANDO, FLORIDA, a municipal corporation, *Defendants in Error.*

141 So. 880.<br>En Banc.<br>Opinion filed May 31, 1932.

*Akerman & Akerman,* and *Dickinson & Dickinson,* for Plaintiff in Error;

*E. W. Davis,* for Defendants in Error.

PER CURIAM.—Plaintiff in error made application for a city license to operate a vending machine under the provisions of an ordinance of the City of Orlando approved on April 15, 1931, and numbered 296. The ordinance in section 3 thereof provides as follows:

Application for any such license as is provided for in the preceding section shall be made to the City Tax Collector of the City of Orlando, on an application

blank prepared, and shall furnish the following information:

Name of Machine

No. of Machine

The article to be vended

Manufacturer and address

Owner of the Machine

Lessee, if leased

Person, firm or corporation setting up, operating or in whose place of business same is operated, or to be operated.

The location by street and number, or such other description, if there be no street or number, as will sufficiently describe the location of such place of setting up and/or operation.

Said application blank to be signed by the person, firm or corporation in whose place of business or place such vending machine is to be set up and/or operated. Upon the filing of such application, the City Tax Collector shall, if the same be not in violation of this ordinance or any other ordinance of the City of Orlando, issues the license herein provided for.''

The application made by the plaintiff in error as shown by the record in all respects complied with this section of the ordinance. Plaintiff in error accompanied his application with the tender of amount required to pay the license. The City Tax Collector refused to issue the license. Thereupon plaintiff in error filed petition for writ of mandamus to compel the Tax Collector of the City to issue the license. Alternative writ of mandamus was issued and served.

The respondent in mandamus filed motion to quash on the following grounds:

''1. Said alternative writ fails to set forth the reasons for the refusal of the defendants to issue the license alleged to have been applied for.

2. Said alternative writ fails to negative the validity of the reasons, if any, advanced by the defendants or either of them for refusing to issue the license alleged to have been applied for.

3. Said alternative writ fails to allege that the machines sought to be licensed are not slot machines.

4. Said alternative writ fails to allege that the machines sought to be licensed are not devices for gambling.

5. Said alternative writ fails to allege that the machines sought to be licensed are not machines delivering merchandise or tokens in varying amount, depending on chance.''

Section 10 of the Ordinance provides as follows:

"This ordinance shall not be construed so as to license or permit the operation of slot machines or devices for gambling, or machines delivering merchandise or tokens in varying amount depending on chance.''

The motion to quash was sustained and the petition dismissed. The contention of the defendant in error is found in the grounds of the motion to quash.

It is not necessary for the applicant for the license to state more in his application for the license than was required to be stated by the ordinance. Upon making the application, and tendering the required amount of money in payment for the license, in which application the applicant stated therein all that was required to be stated by the provisions of Section 3 of the ordinance, he was entitled to receive the license and it became prima facie the duty of the Tax Collector to issue the same. It was not necessary for the alternative writ to set forth the reasons why the defendant refused to issue the license. These reasons, if any, were matters which the defendant was required to show to the court in defense of his action in refusing to issue the license. It was not necessary for the writ to allege that the machines sought to be licensed are not slot machines, or that they are not devices for gambling, or that they are not machines delivering merchandise or tokens in varying amount depending on chance. The petitioner had made no appli-

cation for license to operate any such machine, nor would a license issued to him authorize him to operate any machine which is excluded from the provisions of the ordinance, nor would it authorize him to use the machine or allow the same to be used or operated in any manner contrary to the provisions of the ordinance or contrary to the laws of the State of Florida.

The motion to quash should have been denied and respondent required to answer. The judgment is reversed.

BUFORD, C.J., AND WHITFIELD, ELLIS AND TERRELL, J.J., concur.

BROWN AND DAVIS, J.J., concur specially.

DAVIS, J. (Concurring).—The ordinance did not provide that the *application* for license should negative the idea that the machine for which the license was sought, was not of the class specified in Section 10 for which no license could be issued, so an application in the specified form was sufficient to support the alternative writ. But the City Tax Collector is only required to issue a license "if the same be not in violation of this ordinance or any other ordinance of the City of Orlando" which part he may determine from the application or from any other evidence outside of the application, no intent being shown to make the application as filed the sole evidence upon which the City Tax Collector must act.

WHITFIELD AND BROWN, J.J., concur.