FIDELITY & CASUALTY CO. OF NEW YORK v. R. H. MAGWOOD, *et al.*

STATE, *Ex Rel.* FIDELITY & CASUALTY CO. OF NEW YORK, v. H. F. ATKINSON, *Judge.*

149 So. 29.

*Division B.*

Opinion Filed June 24, 1933.

*Morcock & Weintraub* for Appellant;

*Blackwell & Gray,* for Appellee.

BUFORD, J.—The Fidelity & Casualty Company of New York has filed a petition for alternative writ of mandamus seeking to require Honorable H. F. Atkinson, Judge of the Circuit Court of the Eleventh Judicial Circuit of Florida, to comply with the mandate of this Court issued upon the judgment rendered here on November 9th, 1932, in the

cause wherein the Fidelity & Casualty Company of New York, a corporation organized under the laws of the State of New York, was appellant, and R. H. Magwood and Susie V. Magwood, his wife, *et al.,* were appellees.

The appeal in that case was from an order overruling a general and special demurrer to bill of complaint filed by the appellees Magwood. In that bill of complaint the complainants sought to review a former decree of the Circuit Court in another suit which adjudicated the illegality of a certain conveyance made by Magwood and wife to certain minor children of them, and also sought to have the real estate upon which the petitioner here sought to have execution levied set aside as the homestead of Magwood. In the opinion rendered we held that the bill of complaint did not allege such facts as would warrant a review of the former decree sought to be reviewed. But, we held that the allegations of that bill of complaint were sufficient to show that the Magwoods were entitled, if the allegations were proven, to have the land set aside as exempt from forced sale under the homestead provisions of the Constitution and Laws of Florida, and to this extent that the bill contained equity. The order was, "The order appealed from is reversed with directions that order be entered not inconsistent with this opinion."

While that case was pending here without an order of supersedeas having been entered, a plea was filed which challenged the right of the Magwoods to the homestead exemption and, upon stipulation as it is recited in the record here, testimony was taken before a Master upon the issue as to whether or not the property involved was exempt as the homestead of Magwood and on no other issue. Upon the testimony taken on that issue the Chancellor found in favor of Magwood and held that the property was exempt from forced sale as the homestead of Magwood.

After the mandate went down pursuant to the opinion and judgment of this Court, *supra,* the Relator here filed a motion praying that the court set aside the final decree and enter an order conforming to the requirements of the decree of this Court. The Circuit Judge, Honorable H. F. Atkinson, declined to comply with that motion, but entered an order confirming the final decree.

All that the order of this Court required the Chancellor to do, assuming that the case stood in the same status in which it was when that appeal was taken, was to enter an order sustaining the demurrer to that part of the bill of complaint which sought to review the former decree of the circuit court and to overrule the demurrer insofar as it applied to the allegations of the bill of complaint seeking to have adjudicated the homestead exemption, but in the meantime the parties had proceeded to try the question of homestead exemption with the result of a decree in favor of the party claiming the homestead exemption.

And so it is, that everything had been accomplished which the judgment and mandate of this Court required to be accomplished.

The Chancellor will not be required to do a vain and useless thing, nor to re-try an issue which was presented and tried without error so far as the record here shows.

Proceeding with the trial of the issue as to the right of homestead exemption and no other issue, the Chancellor in effect anticipated the judgment of this Court and had already done, prior to that judgment, all which that judgment required him to do, except to formally sustain the demurrer as to that part of the bill of complaint seeking a review of a former decree, and, unless the complainant had abandoned that part of his bill of complaint, the Chancellor may now enter an order sustaining the demurrer to that

part of the bill of complaint which would close the record in that regard.

The petition for alternative writ of mandamus should be denied.

It is so ordered.

DAVIS, C. J., and WHITFIELD, ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.