CLIFFORD N. BOURNE v. ROBERT PENTLAND, JR., REX MEIGHEN, D. A. SMITH, LEONARD L. ABESS, and JOSEPH HARTMAN, as and Constituting the State Board of Accountancy.

196 So. 606
En Banc
Opinion Filed May 21, 1940
Rehearing Denied June 19, 1940

*Yonge & Anderson,* for Petitioner;

*George Couper Gibbs,* Attorney General, *John L. Graham,* Assistant Attorney General, *Richard H. Hunt* and *George H. Salley,* for Respondent.

THOMAS, J.—Petitioner has asked this Court to issue a writ of mandamus against respondents as members of the State Board of Accountancy coercing the delivery to him of a certificate designating him a certified public accountant.

It is represented that he has resided in the State since 1925 and has during that time engaged in accountancy for public and private institutions. During twenty-five years, so he alleges, he has practiced the profession, serving some time

in that capacity for a sizeable city in another State. He states that he is informed and believes that the board refused a certificate because he had not been an accountant in the State for three years immediately preceding the adoption of Chapter 12290, Laws of Florida, Acts of 1927, which became effective July 1 of that year.

By Section 4 of that law the board was authorized, in its discretion, to waive examination of applicants qualified by character, education and experience (Section 1) and whose "record and professional standing" were satisfactory. Then follows the clause that petitioner urges is unconstitutional. It allows exercise of the discretion if the candidate for a certificate " * * * shall have practiced public accounting for five years preceding the passage of this Act of which the three years immediately preceding that date shall have been in Florida, and * * * shall apply in writing to the said board for such certificate before December 31st, 1927." It is said to be violative of the organic law because discriminatory against nonresidents.

Evidently the time was extended by Section 30, Chapter 15637, Acts of 1931, and this section repealed by Chapter 17266, Acts of 1935.

Without wishing to beg the question, it seems to us that the matter of procedure forms a barrier to our approaching this question of constitutionality on which the petitioner desires a decision. He must show a clear right to it before he is successful in procuring a writ of mandamus.

A "certificate of authority" could be granted under Section 8, "to each applicant before January 1st, nineteen hundred twenty-eight, who furnishes satisfactory evidence that he or she was maintaining an office in the State for the practice of public acounting (sic) on his or her own account, at the date of the passage of this Act, or, that he or she had been in

responsible charge of accountinng (*sic*) engagements as an employed member of the staff of a Certified Public Accountant, or of a Public Accountant, or of a firm of Public Accountants."

It is also provided there: "No certificate of authority shall be granted after December 31st, 1927. Certificates of authority confer the legal right to practice as a Public Accountant, but do not confer any added designation."

It is important to note here that the petitioner asserts he requested a certificate "as a certified public accountant" under section eight and that he is informed it was denied, as we have written in the second paragraph of this opinion, because he had not practiced public accounting in the State of Florida for the period specified in section four of the Act.

A careful reading of these sections of the law reveals that there is a distinction between a certificate of authority, referred to in Section 8, under which the application was made, and a certificate to practice as a certified public accountant. There is no mention in Section 8 as to a requirement of residence and for that reason we have given in substance the contents of Section 4, where such a qualification was specified, in view of the allegation of the petition that that was the basis of the refusal.

The time has long since passed when the provisions for admission without examination were available to the petitioner or any one else, resident or nonresident.

Because of this fact and our views anent the variance between the section under which the demand was made and the one under which it was denied, we conclude that the prayer for mandamus be and it is—

Denied.

So ordered.

TERRELL., C. J., WHITFIELD, BROWN, BUFORD and CHAPMAN, J. J., concur.