STATE *ex rel.* J. R. CARPENTER v. J. K. BARBER, *et al.*

198 So. 49
Division B
Opinion Filed August 2, 1940
Rehearing Denied October 24, 1940

*John S. Lavin,* for Plaintiff in Error;
*W. R. Smith,* for Defendant in Error.

CHAPMAN, J.—The record in the case discloses that J. R. Carpenter and V. E. Bourland were opposing candidates for the office of County Commissioner of Commissioner's District No. 3 of Orange County, Florida, in the Democratic primary held on May 28, 1940, and each of these candidates received 1193 votes, as shown by the completed returns of the various precincts as counted and reported by the Canvassing Board of Orange County, Florida. It is made to appear that certain irregularities existed in election precinct No. 37, being a part of Commissioner's District No. 3, in refusing to count certain votes cast at said election and if the votes had been counted as cast, the result would have been different in that the tie vote of the candidates would have been broken.

On petition of J. R. Carpenter, an alternative writ of mandamus issued against the primary election officials of Orange County commanding a recount of the votes cast for the office of County Commissioner in precinct No. 37, being a part of County Commissioner's District No. 3, of Orange County, Florida. An answer was filed and testimony taken and a peremptory writ of mandamus issued as prayed for.

The election board of precinct No. 37 convened and recounted the votes cast for the office of county commissioner, District No. 3, and as a result of said count certified 122 ballots cast for V. E. Bourland and 112 votes for relator, J. R. Carpenter; 19 ballots were not marked for either of the opposing candidates, Carpenter or Bourland, and 2 votes were marked as "not counted" for either candidate.

The primary election officials of Orange County, after the recount of precinct No. 37, filed a certificate of compliance with the peremptory writ, but refused to count two ballots identified here as relator's Exhibits No. 1 and No. 2

for either of said candidates. The votes are, viz.: Relator's Exhibit No. 1:

"OFFICIAL PRIMARY
ELECTION BALLOT
May 28, A. D. 1940
PRECINCT No. 37
ORANGE COUNTY, FLORIDA

"Instructions: To vote for any Candidate make a cross (X) at the right of his or her name.

\* \* \*

"For County Commissioner
District No. 3
"Vote for One—

| "V. E. BOURLAND | V | (*Not* |
| "J. R. CARPENTER | X" | *counted*)† |

Relator's Exhibit No. 2:

"OFFICIAL PRIMARY
ELECTION BALLOT
May 28, A. D. 1940
PRECINCT No. 37
ORANGE COUNTY, FLORIDA

"Instructions: To Vote for any Candidate Make a cross (X) at the right of his or her name.

\* \* \*

---

† Notation of Canvassing Board.

"For County Commissioner
District No. 3

"Vote for One—

|  | | X |
| --- | --- | --- |
| "V. E. Bourland | *(Not* | |
| "J. ·R. Carpenter | *Counted)*† | X" |

When the certificate of compliance was filed in the Circuit Court, an order was made and entered holding that the two ballots identified as relator's Exhibits No. 1 and 2 should not have been counted, and from this judgment an appeal has been perfected to this Court.

It is contended here that the inspectors and clerk of Precinct No. 37 failed and otherwise omitted to perform their legal duty in failing to count and certify the two ballots which were cast for the office of county commissioner, as from an examination or inspection of the two ballots it was clear that the intention of the electors casting the said ballots could be ascertained and determined and if the said votes, or either of them, were counted and certified, a substantial gain would be shown for the relator and the result of the election changed.

It is admitted that the two votes, *supra,* identified as relator's Exhibits Nos. 1 and 2 were not counted by the primary election officials for either the relator Carpenter or his opponent Bourland on the theory that the intention of the voters could not be determined or ascertained by an examination or study of the rejected votes or ballots.

Section 8 of Chapter 17898, Acts of 1937, Laws of Florida, provides that an elector on receiving of ballot shall

---

† Notation of Canvassing Board.

without leaving the polling place, retire to one of the booths or compartments provided for that purpose, and prepare his ballot by marking with pen and ink or pencil, in the appropriate margin or place a cross mark (X) before the name of the candidate of his choice for each office to be filled, or by filling in the name of the candidate of his choice in the blank space provided therefor, and marking a cross mark (X) in the appropriate margin.

The statute cited suggests that the cross mark "X" shall by the elector be placed before the name of the candidate of his choice. The ballots identified as relator's Exhibits Nos. 1 and 2 fail to meet the requirements of the statute in that the cross mark "X" as made by the elector was placed *after* the name of the candidate of his choice rather than before. It cannot be said that the statute, *supra,* is mandatory and on the failure of the voter to conform thereto that his said ballot shall not be counted, and especially is this true when the cross mark "X" appears on the right of the name of the candidate and thereby clearly indicates his choice and declares the intention of the voter. The intention of the voter should be ascertained from a study of the ballot and the vote counted, if the will and intention of the voter can be determined, even though the cross mark "X" appears before or after the name of said candidate. See Wiggins, County Judge, v. Drane, 106 Fla. 793, 144 So. 62; Nuccio v. Williams, 97 Fla. 159; 120 So. 310; State *ex rel.* Knott v. Haskell, 72 Fla. 176, 72 So. 651.

Generally, the courts in construing statutes relating to elections, hold that the same should receive a liberal construction in favor of the citizen whose right to vote they tend to restrict and in so doing to prevent disfranchisement of legal voters and the intention of the voters should prevail when counting ballots, and the placing of a cross mark "X"

to the right of a name appearing on the ballot when the statute says that the same shall be placed before the name is not mandatory but at the most is formal or directory. It is the intention of the law to obtain an honest expression of the will or desire of the voter. See 18 Am. Juris., pages 188-9, par. 11.

It is impossible to ascertain or determine the will or desire of the voter in considering relator's Exhibit No. 1. It is not clear whether the voter intended to vote for Bourland or Carpenter, but this conclusion does not obtain as to the relator's Exhibit No. 2, as a study of the ballot clearly shows the intention of the voter to cast his ballot for the candidate J. R. Carpenter and not for the candidate V. E. Bourland. We cannot escape the conclusion that the ballot identified as relator's Exhibit No. 2 should have been by the primary election officials counted for the relator. For this error the judgment appealed from is hereby reversed.

It is so ordered.

WHITFIELD, P. J., and BROWN, J., concur.

TERRELL, C. J., concurs in opinion and judgment.

Justices BUFORD and THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.