**J. W. McALPIN v. STATE, ex rel. CLAYTON A. AVRIETT, et al.**

19 So. (2nd) 420      June Term, 1944
October 20, 1944      En Banc
Rehearing denied October 30, 1944

■

*Davis, Davis & McClure* and *Chas. E. Davis* and *F. B. Harrell,* for appellant.

■

*R. C. Horne* and *Clayton A. Avriett,* in propria persona, for appellees.

PER CURIAM:

This is a contest for nomination to the office of representative in the Legislature from Hamilton County, Session of 1945. On petition of Clayton A. Avriett, alternative writ of mandamus was directed to the Canvassing Board of the County and the inspectors and clerks of election precincts one, three, seven, and eight commanding them to assemble and proceed immediately to correctly tally, count, and make accurate returns of the vote cast in said precincts at the primary election held May 2, 1944, for Clayton A. Avriett and J. W. MAlphin, that the County Canvassing Board supervise, said recount and that the result thereof be certified to the Secretary of State as required by law.

A motion to strike certain portions of the alternative writ was overruled. Returns were then filed, among which were the special returns of the inspectors and clerks of precincts one, three, seven and eight showing that they had met and retallied and recounted the votes cast in said precincts for the office of Representative and had transmitted the result to the court who on hearing after evidence was taken, issued peremptory writ of mandamus commanding the County Canvassing Board to retally and recount certain votes marked by check (V) mark and one absent ballot cast by Arthurs W. Selph who was in the armed service of the United States. The present appeal is from the latter order.

The controlling question presented is whether or not ballots cast at a primary election in which the voter indicates his choice by check (V) mark instead of a cross (X) mark as the Statute requires can be legally counted and credited to the candidate before whose name they are placed.

. The real controversy arises over the canvass and return of votes marked by check (V) mark instead of cross (X) mark as the law requires. On the first canvass of votes, Avriett received 933 votes; McAlphin received 939 votes and was declared the nominee. The check (V) marked ballots

were not included. The circuit court held this to be error and ordered the check (V) marked votes counted.

In his order granting the peremptory writ, the Court below stated positively that except for State ex rel. Carpenter v. Barber, et al., 144 Fla. 159, 198 So. 49, he would reject the check (V) marked ballots. The trial court in other words was of the view that the last cited case overruled Wiggins v. State, ex rel. Drane, 106 Fla. 793, 144 So. 62, wherein we held that the law requiring a voter to indicate his choice by cross (X) mark before the name of the candidate was mandatory. In this holding the trial court was in error as the cases were not in point.

In the Carpenter case, we were confronted solely with the validity of two ballots that were certified to this Court for adjudication. In one of these ballots, the two opposing candidates were marked one with a cross (X) mark and the other with a check (V) mark. We rejected the ballot because it was impossible to tell which candidate was the choice of the voter. On the second ballot, there were two cross (X) marks but one was opposite the name of one of the candidates and the other was out of range of either. We counted the latter ballot because there was no question as to choice. In the case at bar, we are confronted with a series of irregularly marked ballots some with check (V) marks and others with at least three other different characters. We hold as we held in the Wiggins case that the use of the cross (X) mark as the law directs is mandatory and that all ballots marked with other characters should not be counted.

Mandamus should not issue where no remedial good will result. From what we have said, it appears that relator has failed to show that he secured a majority of the legal votes cast as he is by law required to do. For this reason a clear legal right to mandamus is not shown.

Having failed to show a clear legal right to performance of the duty commanded, the judgment appealed from is reversed with directions to quash both the alternative and the peremptory writ.

It is so ordered.

BUFORD, C. J., TERRELL, BROWN, CHAPMAN, THOMAS, ADAMS and SEBRING, JJ., concur.