338 So.2d 236 (1976)
NORTH BAY VILLAGE LIONS FOUNDATION, INC., Appellant,
v.
CITY OF MIAMI BEACH, a Florida Municipal Corporation, Appellee.
No. 75-1592.
District Court of Appeal of Florida, Third District.
September 28, 1976.
Rehearing Denied November 2, 1976.
Hirschhorn & Freeman, Miami, for appellant.
Joseph A. Wanick, City Atty., and Andrew H. Moriber, Asst. City Atty., for appellee.
Before HENDRY and NATHAN, JJ., and SACK, MARTIN, Associate Judge.
PER CURIAM.
Appellant, plaintiff below, brings this appeal from a final judgment entered by the trial court in favor of appellee, defendant below.
On March 26, 1975, a complaint for declaratory and injunctive relief was filed by the North Shore Optomist Club of Miami Beach against appellee, the City of Miami Beach. Subsequently, by an order of the trial court, North Bay Village Lions Foundation, Inc., was substituted as plaintiff.
After a final hearing, the trial court entered, in pertinent part, the following final judgment dated September 10, 1975:
"THIS CAUSE came before the Court for final hearing upon the Plaintiff's Complaint herein seeking declaratory and injunctive relief from Ordinance No. 74-2012 of the City of Miami Beach, relating to bingo games licensing.
"Counsel for the Plaintiff and Defendant stipulated for the purpose of the hearing, among other things, that the Plaintiff rents, on a yearly basis, property located within the city of Miami Beach for the purpose of conducting bingo games at that location. They further stipulated that the Plaintiff conducts bingo games on the premises two (2) days a week and through informal arrangements permits other charitable organizations to use the premises to conduct bingo games on the other five (5) days a week with the understanding that the proceeds received from the bingo games is given over to the host Lions Club. Thereafter some of the proceeds are then given from the Lions Club back to the charitable organization running the game.
"Based upon the foregoing stipulations, this Court finds that the Plaintiff has come to this Court seeking equity with unclean hands and therefore is not entitled to the relief sought for the reason that the Plaintiff permits its premises to be used in violation of Florida Statute 849.093. The Court therefore finds it unnecessary to consider the merits of Plaintiff's Complaint. Therefore, is is hereby
"ORDERED and ADJUDGED that the Complaint in this cause be and the same is hereby dismissed with prejudice, and it is further
"ORDERED and ADJUDGED that each party shall bear their own costs in this litigation."
*237 From this final judgment, appellant appeals.
Appellant contends on appeal that Section 849.093, Florida Statutes (1975), permits a charity (here appellant) to operate bingo two nights a week and to receive proceeds from the operation of bingo by other charities on the remaining nights of the week. Appellee contends that appellant's bingo operation as a whole is not within the exception created by Section 849.093, Florida Statutes (1975), to the general prohibition against gambling contained in Chapter 849, Florida Statutes (1975).
Based on the stipulated facts in this case and as found by the trial court, appellant was permitting its premises to be used in violation of Section 849.093, Florida Statutes (1975). Therefore, in our opinion, the final judgment was properly entered by the trial court.
We have considered the record, all points in the briefs and arguments of counsel in light of the controlling principles of law and have concluded that no reversible error has been demonstrated. Therefore, for the reasons stated and upon the authority cited, the final judgment appealed is affirmed.
Affirmed.