FERGUSON, Judge.
The dispositive question is whether the county Tax Collector is authorized by law to deny an application for a bingo permit where in his determination the lease of the applicant, which the Tax Collector requires to be submitted along with the application, but which is not required by ordinance, evidences a violation of the criminal statutes governing bingo operations.
The appellee, an eligible nonprofit corporation, submitted the fee and all other documents required by Dade County Ordinance No. 75-50, Code of Metropolitan Dade County, and requested renewal of its permit to conduct bingo games. Appellant, the Tax Collector, conditioned an issuance of the permit on receipt of a copy of the lease between the applicant and the owner of the premises where the games were to be held. Upon review of the lease the Tax Collector concluded that the lease arrangement violated the criminal laws, specifically Section 849.093, Florida Statutes (1981),[1] by diverting a substantial part of the proceeds from charitable purposes to profit-making entities through rents. We note that in none of the cases relied upon by the Tax Collector had an administrator halted operation of bingo games by refusing to re-issue a license on the ground that the games were in violation of the criminal statute, Section 849.093. In Paskind v. State ex rel. Salcines, 390 So.2d 1198 (Fla. 2d DCA 1980), an order granting a temporary injunction requested by the appropriate law enforcement agency was affirmed on the basis of a violation of Section 849.093(9)(c). In North Bay Village Lions Foundation, Inc. v. City of Miami Beach, 338 So.2d 236 (Fla. 3d DCA 1976), cert. denied, 346 So.2d 1249 (Fla.1977), the trial court dismissed the appellant’s complaint against the city for declaratory and injunctive relief based on its finding, on stipulated facts, that the appellant permitted its premises to be used for a bingo operation in violation of Section 849.-093.
The applicant here is unlike the applicants in State ex rel. Bergin v. Dunne, 71 So.2d 746 (Fla.1954) (license issued by fraud *1326 or mistake as petitioner never passed a required examination) or State ex rel. Lacedonia v. Harvey, 68 So.2d 817 (Fla.1953) (building permit revoked because plans did not comply with the city zoning ordinance); thus, these cases, also relied upon by the Tax Collector, are inapposite. Appellee relies upon State ex rel. Huntington v. Lanier, 105 Fla. 597, 141 So. 880 (Fla.1932) where an application was made, supported by all the information required by ordinance, to operate a vending machine under the provisions of a city ordinance. The Tax Collector refused to issue the license and the applicant filed a petition for writ of mandamus to compel its issuance. The court held that, contrary to the Tax Collector’s argument, it was not necessary for the writ to state that the machines were not to be used in violation of the gambling laws. The court further held:
It was not necessary for the applicant for the license to state more in his application for the license than was required to be stated by the ordinance. Upon making the application, and tendering the required amount of money in payment for the license, in which application the applicant stated therein all that was required to be stated by the provisions of Section 3 of the ordinance, he was entitled to receive the license and it became prima facie the duty of the tax collector to issue the same.
At the hearing on the petition for a writ of mandamus in this case the issues were (1) whether the applicant was eligible for the license, (2) whether the application was for the purpose of conducting a legal activity, and (3) whether the appropriate fee and other informational documents required by the ordinance had been submitted, all of which issues were resolved in favor of the applicant. The Tax Collector was unable to show in defense that any provision of the ordinance authorized him to deny the application.
The issuance of the Writ of Mandamus directing the Tax Collector to issue a permit to conduct bingo games is AFFIRMED.

. Section 849.093(9), Florida Statutes (1981) provides:
(9) Bingo or guest games shall be held only on the following premises:
(a) Property owned by the nonprofit organization;
(b) Property owned by the charity or organization that will benefit by the proceeds;
(c) Property leased full time for a period of not less than 1 year by the nonprofit organization or by the charity or organization that will benefit by the proceeds;
(d) Property owned by and leased from another nonprofit organization qualified under this section; or
(e) Property owned by a municipality or a county when the governing authority has, by appropriate ordinance or resolution, specifically authorized the use of such property for the conduct of such games.