DECEMBER 9, 2000

No. 00–949 (00A504). BUSH ET AL. v. GORE ET AL. Sup. Ct. Fla. Application for stay, presented to JUSTICE KENNEDY, and by him referred to the Court, granted, and it is ordered that the mandate of the Supreme Court of Florida, case No. SC00–2431, is hereby stayed pending further order of the Court. In addition, the application for stay is treated as a petition for writ of certiorari, and certiorari is granted. Briefs of the parties, not to exceed 50 pages, are to be filed with the Clerk and served upon opposing counsel on or before 4 p.m., Sunday, December 10, 2000. This Court's Rule 29.2 is suspended in this case. Briefs may be filed in compliance with Rule 33.2 to be replaced as soon as possible with briefs prepared in compliance with Rule 33.1. Case set for oral argument on Monday, December 11, 2000, at 11:00 a.m., and a total of one and one-half hours allotted for oral argument.

JUSTICE SCALIA, concurring.

Though it is not customary for the Court to issue an opinion in connection with its grant of a stay, I believe a brief response is necessary to JUSTICE STEVENS' dissent. I will not address the merits of the case, since they will shortly be before us in the petition for certiorari that we have granted. It suffices to say that the issuance of the stay suggests that a majority of the Court, while not deciding the issues presented, believe that petitioners have a substantial probability of success.

On the question of irreparable harm, however, a few words are appropriate. The issue is not, as the dissent puts it, whether "[c]ounting every legally cast vote ca[n] constitute irreparable harm." One of the principal issues in the appeal we have ac-

cepted is precisely whether the votes that have been ordered to be counted are, under a reasonable interpretation of Florida law, "legally cast vote[s]." The counting of votes that are of questionable legality does in my view threaten irreparable harm to petitioner Bush, and to the country, by casting a cloud upon what he claims to be the legitimacy of his election. Count first, and rule upon legality afterwards, is not a recipe for producing election results that have the public acceptance democratic stability requires. Another issue in the case, moreover, is the propriety, indeed the constitutionality, of letting the standard for determination of voters' intent—dimpled chads, hanging chads, etc.—vary from county to county, as the Florida Supreme Court opinion, as interpreted by the Circuit Court, permits. If petitioners are correct that counting in this fashion is unlawful, permitting the count to proceed on that erroneous basis will prevent an accurate recount from being conducted on a proper basis later, since it is generally agreed that each manual recount produces a degradation of the ballots, which renders a subsequent recount inaccurate.

For these reasons I have joined the Court's issuance of a stay, with a highly accelerated timetable for resolving this case on the merits.

JUSTICE STEVENS, with whom JUSTICE SOUTER, JUSTICE GINSBURG, and JUSTICE BREYER join, dissenting.

To stop the counting of legal votes, the majority today departs from three venerable rules of judicial restraint that have guided the Court throughout its history. On questions of state law, we have consistently respected the opinions of the highest courts of the States. On questions whose resolution is committed at least in large measure to another branch of the Federal Government, we have construed our own jurisdiction narrowly and exercised it cautiously. On federal constitutional questions that were not fairly presented to the court whose judgment is being reviewed, we have prudently declined to express an opinion. The majority has acted unwisely.

Time does not permit a full discussion of the merits. It is clear, however, that a stay should not be granted unless an applicant makes a substantial showing of a likelihood of irreparable harm. In this case, petitioners have failed to carry that heavy burden. Counting every legally cast vote cannot constitute irreparable harm. On the other hand, there is a danger that a stay

may cause irreparable harm to respondents—and, more importantly, the public at large—because of the risk that "the entry of the stay would be tantamount to a decision on the merits in favor of the applicants." *National Socialist Party of America* v. *Skokie,* 434 U. S. 1327, 1328 (1977) (STEVENS, J., in chambers). Preventing the recount from being completed will inevitably cast a cloud on the legitimacy of the election.

It is certainly not clear that the Florida decision violated federal law. The Florida Code provides elaborate procedures for ensuring that every eligible voter has a full and fair opportunity to cast a ballot and that every ballot so cast is counted. See, *e. g.,* Fla. Stat. Ann. §§ 101.5614(5), 102.166 (Supp. 2001). In fact, the statutory provision relating to damaged and defective ballots states that "[n]o vote shall be declared invalid or void if there is a clear indication of the intent of the voter as determined by the canvassing board." § 101.5614(5). In its opinion, the Florida Supreme Court gave weight to that legislative command. Its ruling was consistent with earlier Florida cases that have repeatedly described the interest in correctly ascertaining the will of the voters as paramount. See *State ex rel. Chappell* v. *Martinez,* 536 So. 2d 1007 (1988); *Boardman* v. *Esteva,* 323 So. 2d 259 (1975); *McAlpin* v. *State ex rel. Avriett,* 155 Fla. 33, 19 So. 2d 420 (1944); *State ex rel. Peacock* v. *Latham,* 125 Fla. 69, 71, 169 So. 597, 598 (1936); *State ex rel. Carpenter* v. *Barber,* 144 Fla. 159, 198 So. 49 (1940). Its ruling also appears to be consistent with the prevailing view in other States. See, *e. g., Pullen* v. *Mulligan,* 138 Ill. 2d 21, 79–80, 561 N. E. 2d 585, 611 (1990). As a more fundamental matter, the Florida court's ruling reflects the basic principle, inherent in our Constitution and our democracy, that every legal vote should be counted. See *Reynolds* v. *Sims,* 377 U. S. 533, 544–555 (1964); cf. *Hartke* v. *Roudebush,* 321 F. Supp. 1370, 1378–1379 (SD Ind. 1970) (Stevens, J., dissenting); accord, *Roudebush* v. *Hartke,* 405 U. S. 15 (1972).

Accordingly, I respectfully dissent.