**A. JOSEPH DAOUD v. CITY OF MIAMI BEACH, a Municipal Corporation, etc., et al.**

7 So. (2nd) 585                                    En Banc
April 14, 1942                    Rehearing Denied May 8, 1942

Edward E. Fleming and Tyrus A. Norwood, for petitioner.

Ben Shepard and Albert B. Bernstein, for respondents.

PER CURIAM:

Writ of habeas corpus was issued and respondent has filed return.

The petition alleges:

"Petitioner further represents and alleges that he is charged with the crime of conducting and operating an auction sale at 116-118 Twenty-third Street, Miami Beach, Florida, in a Use District under an ordinance, as amended, in which auction sales are not permitted, which charge, warrant and arrest is based upon municipal ordinance No. 586 of the City of Miami Beach, Florida, and a municipal ordinance No. 641 of the City of Miami Beach, Florida, both of which ordinances are invalid, arbitrary, oppressive, unconstitutional and void, one of which ordinances, namely ordinance No. 586, has heretofore been declared by this Court to be unconstitutional and void, and the other ordinance, namely ordinance No. 641, is for the same reasons unconstitutional and void.

"Your petitioner further represents and shows unto the Court that pursuant to said warrant of arrest he stood trial in the Municipal Court of the City of Miami Beach on Friday, March 13, 1942, at approximately nine o'clock in the morning, and was convicted by Daniel P. Galen, Municipal Judge, and fined $25.00 and costs and ten days in the City Jail, which latter sentence, namely the ten days in jail, was suspended only upon good behavior and with the admonition and warning of the Judge that if petitioner should again conduct an auction sale or attempt to conduct auction sales at 116-118 Twenty-third Street, Miami Beach, Florida, he would invoke and reinstate the sentence of ten days in jail, together with such other and further sentences of imprisonment in jail as he might prescribe; that the petitioner is now in the technical custody of the Chief of Police of the City of Miami Beach, the respondent herein, pursuant to the war-

rant, arrest, conviction and sentence as above stated. That the entire proceedings upon which your petitioner was arrested and convicted are illegal, unconstitutional and void because based and predicated upon city ordinances of the City of Miami Beach, Florida, that are arbitrary, oppressive, unconstitutional and void.

"Your petitioner further represents and shows unto the Court that the amendment to the zoning ordinance, No. 586, was passed by the City Council of the City of Miami Beach on November 13, 1940 and Ordinance No. 641 of the City of Miami Beach was passed and adopted as an emergency measure on February 18, 1942, while the case of City of Miami Beach, et al., appellants, v. Joseph Daoud, appellee, was still pending in this Court and while this Court still retained jurisdiction of said cause. Both of said ordinances are shown in the Transcript of Record of said cause and are copied verbatim therein, and are, therefore, before the Court, and by reference are hereby made a part of this petition.

"It is further represented and shown unto the Court that the petitioner herein rented and leased the premises at 116-118 Twenty-third Street, Miami Beach, Florida, as an auction sales room and auction gallery on September 30, 1940, at a time when there was no zoning ordinance in force and effect of the City of Miami Beach against or prohibiting in anywise the conduct of public auctions or an auction sales room or an auction gallery at the location of 116-118 Twenty-third Street. That at the time said premises were rented and leased it was permissible under the laws of the City of Miami Beach to conduct an auction sales gallery at said location; that upon

entering into said lease and acquiring said property your petitioner established an auction sales gallery and auction sales room at said location; that said original lease covering said premises is shown in and is an exhibit in the case of City of Miami Beach, et al., appellants, v. A. Joseph Daoud, appellee, pending in this Court, reference to which original lease dated September 30, 1940, is hereby made, and made a party hereof. That both of said ordinances, namely Ordinance No. 586 and Ordinance No. 641, were passed subsequent to September 30, 1940, and in derogation of the property rights acquired by petitioner upon the leasing of said premises and the establishing of said auction gallery and auction sales room.

"Your petitioner further shows unto the Court that the original zoning ordinance of the City of Miami Beach, being Ordinance No. 289, which is and has been before this Court as an exhibit in the case of City of Miami Beach, et al., appellant, v. A. Joseph Daoud, appellee, reference to which is hereby made, and which is made a part hereof, provides by Section 14, as follows:

" 'Section 14.

" 'NON-CONFORMING USES

" 'The lawful use of land existing at the time of the passage of this ordinance or an amendment thereto, although such use does not conform to the provision hereof, may be continued; but if such non-conforming use is discontinued any further use of said land shall be in conformity with the provisions of this ordinance.

" 'The lawful use of the building existing at the time of the passage of this ordinance or of an amendment thereto may be continued, although such use does not

conform with the provisions hereof, and such use may be extended throughout the building, provided no structural alterations, except those required by law or ordinance, or ordered by an authorized officer to assure the safety of the building, are made therein. If no structural alterations are made, a non-conforming use of the building may be changed to another non-conforming use of a higher restricted classification.

"'' 'The foregoing provisions shall also apply to non-conforming uses in districts hereafter changed.'

"That said non-conforming use provisions contained in said original zoning ordinance of the City of Miami Beach are unrepealed and still remain as a part and parcel and an integral part of the zoning ordinance of the City of Miami Beach, and was in force and effect on September 30, 1940, when the premises located at 116-118 Twenty-third Street were leased by your petitioner, and said provisions of the original zoning law have been continuously in effect from thence hitherto, and to and including the date of the filing of this petition for writ of habeas corpus.

" 'Your petitioner further shows that he has not actually conducted auction sales at said location— although it has been equipped for such purpose by the expenditure of many thousands of dollars and has been well stocked with inventory and merchandise valued at large and substantial sums of money—because he has been prevented from doing so by the improper, illegal and unlawful act of the City of Miami Beach and its officials in the enforcement of illegal and unconstitutional ordinances. The petitioner was prevented and prohibited by the City of Miami Beach from engaging in auction sales at the location above

described from on or about November 13, 1940, until after February 18, 1942, by the enforcement of amendatory Ordinance No. 586 of the City of Miami Beach, which has heretofore been held and declared by this Court to be oppressive, arbitrary, illegal, unconstitutional and void in the case of City of Miami Beach, et al., appellants, v. Joseph Daoud, appellee. The petitioner further alleges that to permit the City of Miami Beach and its officials to enforce amendatory Ordinance No. 586, and/or to permit the enforcement of amendatory Ordinance No. 641, does violate the property rights of your petitioner and deprives your petitioner of his property and constitutional rights without due process of law, and moreover, the enforcement and attempted enforcement of said ordinances, jointly and severally, is diametrically opposed to and contrary with the non-conforming use provisions being Section 14, of the original zoning ordinance, as has heretofore been quoted herein at length."

The return does not controvert the material allegations of fact found in the petition.

Under the showing made, the conclusion is inescapable that after petitioner had provided himself with a suitable place or location to conduct a lawful business not prohibited in that location and had spent many thousands of dollars remodeling and arranging the interior of the place to make it usable as an auction sales gallery and had acquired and placed, within such place so located, and arranged a stock of goods suitable to be sold in an auction sales gallery, the Municipality by arbitrary and unlawful action on its part for a period of some twenty months hindered and prevented petitioner so that he was unable to actually conduct

an auction sale in said place so acquired, prepared and stocked for that purpose.

Our conclusion is that under the facts shown here, and in view of our judgment and decree in the case of City of Miami Beach v. A. Joseph Daoud filed at this Term of the Court, of which we take judicial cognizance, the petitioner, at the time to-wit, on February 18th, 1942, when Ordinance No. 641 amending Ordinance No. 289 was adopted, had begun the use of the premises at 116-118 Twenty-third Street, Miami Beach, Florida, as a place in which to conduct auction sales. He then and long theretofore occupied the premises for use in conducting auction sales though he had been prevented from actually conducting such sales by the unlawful and arbitrary actions of the Municipality. Petitioner was and is, therefore, entitled to the benefits of the non-conforming use provisions of the Ordinance No. 289. See Appeal of Haller Baking Co., 295 Pa. 257, 145 Atl. 77; Adams, et al., v. Kalamazoo Ice & Fuel Co., 245 Mich. 261, 222 N. W. 86; City of Coldwater v. Williamso Oil Co., 288 Mich. 140, 284 N.W. 675; Weber v. City of Cheyenne, 55 Wyoming 204, 97 Pac. (2) 667 and Annotations 54 A.L.R. 1063, 86 A.L.R. 685.

It, therefore, follows that the conviction of the petitioner in the Municipal Court was unlawful and he is unlawfully deprived of his liberty. Petitioner is discharged.

So ordered.

BROWN, C. J., WHITFIELD, TERRELL, BUFORD, CHAPMAN and ADAMS, JJ., concur.

THOMAS, J., dissents.