[No. 31299. Department One. June 15, 1950.]

KING COUNTY, *Appellant,* v. HAROLD HIGH *et al., Respondents.*[1]

[1]Reported in 219 P. (2d) 118.

*Charles O. Carroll* and *Stuart G. Oles,* for appellant.

*George Olson* and *George F. Ward,* for respondents.

GRADY, J.—King county instituted this action against respondents to enjoin them from conducting a commercial business upon property owned by them within the limits of an area established by its board of county commissioners as a first residence district. The answer to the complaint set forth an affirmative defense to the effect that the property in question was being used for business purposes at the time of the adoption of the zoning resolution, and by reason of an exception contained in the zoning code, its inhibitions did not apply to the property. The court sustained the defense and dismissed the action. King county has appealed.

The factual situation, which we find sustained by a very clear preponderance of the evidence, is as follows: The tract of land referred to is located on the west side of Bothell way north of Lake City. In about the year 1923, the owner of the property cleared it and erected one or more buildings thereon, which he used in connection with his business as a building contractor. Later, the property was used to carry on a fuel business. In 1935, respondents commenced to make and sell cedar shakes, which activity finally superseded the fuel business. At the outbreak of the war, there was a substantial stock of finished merchandise on hand. Respondent Jessie High became the sole owner of the property and business. The respondent entered the military service and was absent eighteen months. After the commencement of the war, respondent was unable to use her trucks in carrying on the business. The trucks and other equipment were stored on the property. During her absence, some of the shakes were sold. When respondent was discharged from military service, she resumed the shake business.

The zoning code contains the following provision:

"The lawful use of land existing June 2, 1937, although such use does not conform to the provisions hereof, may be

continued, but if such nonconforming use is discontinued any future use of said land shall be in conformity with the provisions of this resolution."

The resolution zoning the area in which this property is located was adopted March 27, 1939. Another provision of the zoning code reads as follows:

"The nonconforming use of a fractional part of a building or lot shall not be extended to occupy a greater part of the building or lot than that occupied on June 2, 1937 except that a nonconforming use may be extended to that portion of a building which was arranged or designed for such nonconforming use as of June 2, 1937."

The appellant urges that the evidence brings it within both of the above provisions in that there was a discontinuance of a nonconforming use and that there was an extension thereof to a greater part of the property than was occupied and used for business purposes on June 2, 1937.

The only time it can be contended there was a discontinuance of a nonconforming use was during the war. Regulations prevented the use of the trucks which were used to haul material to be manufactured into shakes to the property and to haul the finished product. The respondent was in the military service for eighteen months. She stored the trucks on the property and made arrangements to have the stock of merchandise sold during her absence. It was always her intention to return as soon as she was discharged from service and resume the same business, and this she did shortly after her return.

The evidence wholly refutes any idea that the nonconforming use was discontinued. Many cases recognize the rule that a temporary cessation of business or discontinuance of a nonconforming use due to war conditions, or other causes over which the owner or operator has no control, do not constitute a discontinuance or abandonment within the meaning of zoning laws or ordinances; also, that discontinuance or abandonment depends upon the intention of the party affected, and the time element is merely evidential of such intention. *Haulenbeek v. Borough of Allenhurst*, 136 N. J. L. 557, 57 A. (2d) 52; *Douglas v. Village of*

*Melrose Park,* 389 Ill. 98, 58 N. E. (2d) 864; *Ullman ex rel. Eramo v. Payne,* 127 Conn. 239, 16 A. (2d) 286; *Wood v. District of Columbia,* 39 A. (2d) (D. C.) 67.

The rules of law pronounced and applied by the courts in the foregoing cases are applicable to the factual situation before us, and our conclusion is that respondent is not using her property in violation of any zoning regulation promulgated by appellant.

We find nothing arising to the dignity of any substantial evidence to indicate an extension of business activity beyond or upon the property where the business was transacted by its owners at the time of the passage of the resolution that would constitute a violation thereof.

The judgment is affirmed.

SIMPSON, C. J., BEALS, SCHWELLENBACH, and DONWORTH, JJ., concur.

