57 So.2d 663 (1952)
PERKINS
v.
CITY OF CORAL GABLES.
Supreme Court of Florida, Special Division B.
March 25, 1952.
Claude M. Barnes, Miami, for appellants.
Edward L. Semple, Miami, for appellee.
CHAPMAN, Justice.
The City of Coral Gables, on February 16, 1937, adopted Zoning Ordinance No. 271. The ordinance divided the City of Coral Gables into four classes of use districts viz.: (1) residential districts; (2) apartment and hotel districts; (3) commercial districts; and (4) industrial districts. Lots 3 and 4 owned by the defendant-appellant Perkins since 1924 were zoned by the terms of Ordinance 271 "for single-family residence purposes only." It was contended below by the City of Coral Gables that Perkins and Perkins Second Hand Store were violating the provisions of Ordinance 271: (a) by using said lots 3 and 4 for business purposes; (b) by creating noise and confusion in the area zoned for single family residence purposes; (c) by depreciating the value of properties in the neighborhood; and (d) by disturbing the peace, comfort and convenience of the neighbors by making noise and creating confusion and the like.
Defendant-appellant Perkins denied that he was violating the provisions of Zoning Ordinance 271 of the City of Coral Gables *664 as alleged under (a), (b), (c) and (d) supra. He alleged further that on October 29, 1924, he and wife purchased lots 1, 2, 3 and 4 of Tamiami Place, Plan 4. Shortly thereafter he constructed a building on lots 1 and 2 and since that date has operated a grocery store in said building. He conducted or operated another business on Lots 3 and 4, which property (lots 1, 2, 3 and 4) was situated outside the city limits of Coral Gables, but the above property, in 1925, was incorporated within the present City of Coral Gables. Perkins has operated his grocery and furniture stores situated on lots 1 and 2 from 1924 continuously until the filing of the bill of complaint in the lower court on June 21, 1951.
The appellant Perkins, in connection with the operation of his grocery and furniture stores situated on lots 1 and 2, has operated a secondhand store and plumbing shop on his adjacent lots 3 and 4. He has continuously since 1924 used lots 3 and 4 as a storage place for plumbing material and appliances and was so using said lots when the property was taken into the City of Coral Gables in 1925. Lots 3 and 4 are contiguous and lie directly to the rear of lots 1 and 2. Appellant now owns valuable plumbing materials and appliances (and has continuously since 1924) situated on lots 3 and 4, as appears by photographs in the record identified as 1, 2, 3 and 4. Appellant has operated a plumbing business continuously for 27 years and has placed plumbing materials and appliances incident to said plumbing business on lots 3 and 4.
Appellant Perkins contends that the terms and provisions of Zoning Ordinance 271 are not applicable to his grocery and furniture stores now situated on lots 1 and 2, nor his plumbing business which, in part, is operated from lots 3 and 4, the same being used largely for the storage of plumbing materials, appliances and supplies. Perkins also contends that the two businesses, supra, have been operated by him continuously and at all times since 1924 on lots 1, 2, 3, and 4, and he was so engaged when the Zoning Ordinance 271 was adopted in 1937. Appellant further contends that his grocery store and plumbing business, supra, fall within the terms and provisions of the non-conforming use of Ordinance 271, as set forth in Section 10, which are substantially as follows:
"Section 10. Non-Conforming Use.
"A non-conforming use lawfully existing at the time of the passage of this ordinance may be continued subject to the following conditions:
"(a) A non-conforming use shall not be extended, but the extension of a use at any portion of a building which was arranged or designed for such non-conforming use at the time of the passage of this ordinance shall not be deemed the extension of a non-conforming use.
"(b) A building designed or devoted to a non-conforming use may not be constructed or structually altered to an extent exceeding an aggregate cost during any ten-year period of fifty per cent of the value of the building, unless the use of the building is changed to a conforming use.
"(b-1) That the 50 per cent. valuation maximum requirement set forth in Section 10 (b) of the Zoning Ordinance in regard to additions to non-conforming uses is hereby construed to be based on replacement value. (R.-3000)
"(c) A non-conforming use, if changed to a more restricted non-conforming use shall not thereafter be changed to a still more non-conforming use.
"(d) A non-conforming use shall not be changed unless changed to a more restricted use, providing that in a residential district an M use shall not be changed unless changed to a conforming use.
"(e) A non-conforming use shall not be continued, if by reason of odors, noxious fumes, smoke, noise or otherwise it shall become a nuisance to residents in adjoining R or A use districts.
"(f) Whenever a non-conforming use of a building has been discontinued for a period of one year or more, such non-conforming use shall not thereafter be reestablished, and the future use shall be in conformity with the provisions of this ordinance.
"(g) Nothing herein contained shall validate any non-conforming use existing at *665 the effective date of this ordinance and not permitted hereby."
It is appellant's contention that his property is not subject to the terms and provisions as prescribed by Ordinance 271, but to the non-conforming provision thereof as defined in Section 10 thereof, supra. Counsel for the City of Coral Gables contends that appellant's property is controlled by Ordinance 271 and that the evidence in the record fails to show the appellant has brought his property within the terms and provisions of the non-conforming use provision as defined in Section 10. It was the Chancellor's view that the non-conforming use provision, as defined in Section 10 supra, applied to the two buildings on lots 1 and 2 and not to the vacant lots situated to the rear thereof and identified as lots 3 and 4.
It is the writer's view that the non-conforming use provision defined in Section 10 should be given a broader construction than that placed upon it by the Chancellor in his final decree. It provides that "non-conforming uses" existing in 1937 should continue with limitations as prescribed by Sub-sections (a), (b), (b-1), (c), (d) and (f). Sub-section (e) thereof provides that "a non-conforming use shall not be continued, if by reason of odors, noxious fumes, smoke, noise or otherwise it shall become a nuisance to residents in adjoining R or A use districts." We have frequently held that it is the order reviewed and ruled upon, on appeal, rather than the reasons assigned or set out in the order. The evidence in the record amply supports a finding that lot 4 as kept and maintained falls within the inhibitions defined in Sub-section (e), supra.
Counsel for appellant contends that the case at bar should be reversed on the authority of Fortunato v. City of Coral Gables, Fla., 47 So.2d 321. It is true that the cited case involved Ordinance 271 of the City of Coral Gables, but the point of cleavage is that the Fortunato case has a different factual background from the case at bar. Emphasis has been placed on our holding in the case of Daoud v. City of Miami Beach, 150 Fla. 395, 7 So.2d 585. An examination of the wording of the non-conforming use involved in the Daoud case discloses an entirely different instrument from Section 10 of Ordinance 271.
Counsel for appellant cites many authorities from other jurisdiction to sustain the contention that the Chancellor below erred in the entry of the order challenged on this appeal. When these cases are studied and analyzed the conclusion is inescapable that the non-conforming uses involved therein were entirely different, or the property sought to be regulated was different from the property involved in the case at bar. It is our conclusion that the use by appellant of lots 3 and 4, as reflected by the record, falls within the inhibitions of Section 10(e) of Ordinance 271.
The decree of the lower Court is affirmed.
SEBRING, C.J., and MATHEWS, J., and PARKS, Associate Justice, concur.