338 P.2d 731

CITY OF LAS CRUCES, Plaintiff-Appellant,

v.

C. E. NEFF, Norman M. Nelson, Mrs. James Hughes, C. D. Knott, E. H. Sheriff, Gaston Beach, A. Breckenridge, C. B. Perryman, Paul Leu, Ronald Price, W. A. Payne, W. B. Estes and R. M. Clason, Defendants-Appellees.

No. 6481.

Supreme Court of New Mexico.

April 27, 1959.

E. G. Shannon, Las Cruces, for appellant.

J. D. Weir, J. R. Crouch, Las Cruces, for appellee.

COMPTON, Justice.

Appellees, defendants below, were charged in the Police Court of the City of Las Cruces of constructing and maintaining an advertising sign without a permit from the city in violation of Ordinance No. 388 of the city. Upon a hearing before the Police Judge, they were found guilty and a fine in the amount of $37.50 was assessed against them.

In due time, an appeal was taken to the District Court of Dona Ana County. When the city had presented its evidence in the district court, appellees moved for a dismissal of the case. The motion was sustained and from an order and judgment of dismissal, the city seeks a review by appeal to this court.

Before reaching the case on its merits, we must first dispose of appellees' motion to dismiss the appeal. Standing on the doctrine of autrefois acquit, they question the right of the city to appeal from the order dismissing the prosecution, citing as authority therefor City of Clovis v. Curry, 33 N.M. 222, 264 P. 956. This case now is of little value. Subsequent to the decision in that case, the legislature expressly provided for appeals by cities, towns and villages to the supreme court from decisions involving violations of ordinances of such municipalities. Section 38-1-14, 1953 Comp.

Turning to the merits, the trial court made findings of fact which the city seeks to set aside as having no support in the evidence. The factual situation is quite clear. The advertizing sign was originally constructed by appellees on land outside the city prior to the adoption of Ordinance No. 388. Subsequently, the area was annexed by the city. Thereafter, the sign was blown down and otherwise damaged by some unknown force, and it was the restoration of the sign on the same location by appellees that is made the basis of the prosecution.

416

Two ordinances are in evidence; the City's Zoning Ordinance No. 355 and Ordinance No. 388, the latter requiring a permit to display advertizing signs. These ordinances were specifically designed to complement each other, but in case of a conflict between them, the Zoning Ordinance was to control. The Zoning Ordinance expressly permits the continuance of such existing non-conforming use for a period of 10 years, which period had not expired when appellees restored the sign. We deem this evidence substantial.

It is well established that a non-conforming use, such as we have under consideration, may be lost by abandonment or discontinuance, but whether there is an abandonment or a discontinuance usually depends on the intention of the parties affected. King County v. High, 36 Wash.2d 580, 219 P.2d 118, 18 A.L.R.2d 722; Weber v. City of Cheyenne, 55 Wyo. 202, 97 P.2d 667; Daoud v. City of Miami Beach, 150 Fla. 395, 7 So.2d 585; 440 East 102nd Street Corp. v. Murdock, 285 N.Y. 298, 34 N.E.2d 329; Empire City Racing Ass'n v. City of Yonkers, 132 Misc. 816, 230 N.Y.S. 457. Obviously, the mere temporary suspension, resulting from causes beyond the owners' control, does not constitute an abandonment or discontinuance within the meaning of the Zoning Ordinance so as to terminate their right to resume the non-conforming use of the property.

It follows, no permit was required. The judgment should be affirmed, and it is so ordered.

LUJAN, C. J., and SADLER, McGHEE and CARMODY, JJ., concur.