120 So.2d 625 (1960)
STATE of Florida ex rel. Harry Greenberg, Appellant,
v.
DADE COUNTY, Florida, a Political Subdivision of the State of Florida, and Urban J. Albury, William A. Daniel, John D. Ferguson, Vernon C. Holloway, Francis Lavigne, John M. Monahan, Richard R. Peoples, John D. Shires, Jr., Harold A. Silvers, As and Constituting the Duly Appointed and Acting Board of Electrical Examiners in and for Dade County, Florida, Appellees.
No. 59-354.
District Court of Appeal of Florida. Third District.
May 9, 1960.
Rehearing Denied June 9, 1960.
*626 R.K. Bell, Miami, for appellant.
Darrey A. Davis, County Attorney, and William G. Dreisbach, Asst. County Atty., Miami, for appellees.
CARROLL, CHAS., Judge.
This appeal from a judgment denying a writ of mandamus raises a question of construction of the "grandfather clause" in the ordinance of Metropolitan Dade County, which provides for issuing certificates of competency for county-wide use by certain trades including master electricians.
Appellant had held an occupational license for that trade for ten years, issued by the county and exercisable in the unincorporated area of the county. Under its Metropolitan Charter, Dade County assumed, by its ordinance number 57-25 of November 12, 1957, to license such trades on a county-wide basis, upon examination.
The grandfather clause as contained in § 17.06 of the ordinance was as follows:
"Every person, who, under the terms of this chapter, is required to hold a certificate of competency, and who, upon the effective date of this chapter, holds a current certificate of competency issued by Dade County, shall be entitled to a certificate of competency without examination, but such certificate shall be subject to any restrictions and limitations carried by the current County certificate and shall entitle the holder of such certificate to do business only in the unincorporated area unless the Examining Board concerned, upon presentation by the applicant, of evidence satisfactory to such Board, shall determine that such certificate may be extended to include the incorporated areas of Dade County. Evidence to be *627 considered to warrant such extension shall include, but shall not necessarily be limited to:
"(1) Proof that a written examination given by Dade County was successfully passed by the applicant, and that such examination was substantially equal in scope and coverage to examinations for the same trade and category given previously and regularly by any municipality within Dade County having codes and enforcement of such codes similar to Dade County, or
"(2) Proof, submitted by the applicant that he has actively, continuously and properly engaged in the trade concerned, in the unincorporated area of Dade County in the category indicated on the current County Certificate, for a period of five years immediately prior to the effective date of this chapter as evidenced by County certificates of competency and State and County occupational licenses covering such five year period."
Although appellant submitted proof of more than five years licensed participation in the unincorporated county area, which under § 17.06(A) (2) of ordinance 57-25 was expressly stated to be evidence warranting extension of his certificate to a county-wide use, mandamus to compel the issuance of his certificate was denied. The trial judge construed the ordinance to be discretionary in that respect. In so ruling the learned trial judge was in error.
As a holder of a "certificate of competency issued by Dade County," appellant was entitled to a certificate of competency under "Metro" without examination. The ordinance provided that his Metro certificate would entitle him to do business only in the unincorporated area, unless the Board, upon production by him "of evidence satisfactory to such Board, shall determine that such certificate may be extended to include the incorporated areas of Dade County." The ordinance then stated that "Evidence to be considered to warrant such extension shall include * * *" proof that the applicant had engaged in such trade in the unincorporated area of the county for five years preceding.
We hold the proper construction of the ordinance is that upon showing exercise of the trade in the unincorporated area, of the character and for the five year period specified, the appellant had submitted proof on which it became the duty of the Board to extend his certificate, without examination, to include the incorporated areas of the county.
The ordinance states that such proof shall be sufficient, and it furnishes no standards by which, on such proof being made, the Board could grant the extension to one applicant and withhold it from another.
It is clear that a licensing ordinance which allows a board to issue or withhold a certificate of competency, on certain specified proof, at its whim and not according to any fixed or ascertainable standards, requirements or qualifications of the applicant, would not be valid. A licensing ordinance must prescribe definite rules and conditions for an applicant to meet, and may not place power in the uncontrolled discretion of the board. See Godschalk v. City of Winter Park, Fla. 1957, 95 So.2d 9, 12; City of Naples v. State ex rel. Abbott, Fla.App. 1958, 100 So.2d 78; State ex rel. Ware v. City of Miami, Fla.App. 1958, 107 So.2d 387, and cases cited therein.
Nevertheless, the appellee county contends the Board was under no duty, in the instant case, to issue appellant a county-wide certificate, because notwithstanding his submission of proof, the Board had discretion to deny the application.
We do not so construe the ordinance. This is so first, because of the well established rule of construction that where possible we must give an ordinance that construction which will preserve its validity rather than choose a construction which *628 would render it unconstitutional. Adams v. Lee, Fla. 1956, 89 So.2d 217; City of Miami v. Kayfetz, Fla. 1957, 92 So.2d 798; State ex rel. Ervin v. Cotney, Fla. 1958, 104 So.2d 346; 11 Am.Jur., Constitutional Law, § 97 et seq.; 6 Fla.Jur., Constitutional Law, § 78 et seq. To construe this ordinance as appellee desires would render it of doubtful validity, because of its lack of standards.
Secondly, we are of the view that the grandfather clause, where fairly and fully considered as a whole, imposes a duty on the Board to grant the county-wide certificate to the appellant on his showing (1) that he had been licensed in the county for the unincorporated area, and (2) had exercised his trade thereunder for more than five years preceding.
We consider without merit appellee's argument that appellant is estopped to contest the validity of the "grandfather clause" because of his receipt of benefits thereunder. It is the argument of the county, and not that of the appellant which would give invalidity to the ordinance. Appellant contends, and we agree, that by express wording and clear meaning the ordinance provides for issuance of the requested certificate to him. The county makes the contention that although the appellant submitted proofs stated by the ordinance to be sufficient for issuance to him of a county-wide certificate, the Board could grant or deny the certificate in its uncontrolled discretion.
For the reasons stated, the judgment appealed from is reversed and the cause is remanded for entry of judgment for the relator and issuance of the peremptory writ of mandamus.
It is so ordered.
PEARSON, Acting Chief Judge, and BARNS, PAUL D., Associate Judge, concur.

On Petition for Rehearing.
PER CURIAM.
A petition for rehearing filed on behalf of appellees has directed our attention to the fact that this court referred to the section of the ordinance in question as one relating to occupational licenses, whereas it deals with certificates of competency on the basis of which occupational licenses then may be obtained, and we have caused the opinion to be corrected accordingly.
The several grounds asserted in the petition for rehearing have been examined by the court and found to be without merit, and the petition for rehearing is denied.
PEARSON, Acting C.J., CARROLL, CHAS., J., and BARNS, PAUL D., Associate Judge, concur.