WIGGINTON, Judge
(dissenting).
I am unable to agree with the majority of this court that mandamus was not the proper remedy to secure the relief sought by the petitioner appellee in this case. The majority holding is bottomed upon the premise that the act of issuing a certificate of registration by the Sanitarian’s Board under the Grandfather Clause of the Act creating it involved the exercise of discretionary powers conferred by the Act which mandamus cannot control.
From a review of the Act itself, the salient provisions which are set forth in the majority opinion, a person desiring to secure a certificate of registration must demonstrate that he possesses the qualifications called for under the terms of the provisions of the Act. The Board is authorized, and in fact required, to issue certificates of registration under either one of two separate sets of circumstances. If an applicant qualifies for a certificate of registration under the Grandfather Clause of the Act, he is not required to take an examination, but upon producing evidence that he possesses the qualifications specified in the Grandfather Clause of the Act, the Board is required to issue the certificate as a matter of course. If the applicant cannot qualify for a certificate under the Grandfather Clause of the statute, he must then submit to and pass an examination to be conducted by the Board designed to demonstrate his qualifications to engage in business as a sanitarian. It is my interpretation of the act that the duty of the Board to issue a certificate of registration under the Grandfather Clause of the statute is a ministerial duty in which the Board is vested with no discretionary powers. It is only when the applicant is required to submit to an examination for the purpose of demonstrating his qualifications that the Board acts in a quasi-judicial capacity, and is vested with a broad discretion in determining whether the applicant is sufficiently qualified to entitle him to the certificate he seeks.
In the Greenberg case a petitioner in mandamus sought a peremptory writ coercing the County to issue to him a certificate of competency as an electrician. The Act there directed the issuance of such certifi *306 cate to anyone possessing the minimum requirements set forth in the Grandfather Clause of the Act The Board was called upon to consider the application, the proof submitted in support thereof, and to satisfy itself that the applicant possessed the minimum qualifications specified. The County, upon investigation, did not consider that the applicant possessed the necessary qualifications and therefore rejected his application for certificate. The court held that the County’s duties were ministerial rather than discretionary, and that the proof was adequate to show that the applicant relator possessed the necessary qualifications to entitle him to the certificate. It was held that mandamus was the proper remedy, and the court reversed the trial court’s judgment of dismissal and directed that the peremptory writ issue. Review of the District Court’s decision was sought in the Supreme Court by certiorari on the conflicts question, but was affirmed and certiorari denied.[1]
Even should it be conceded, as held by the majority opinion, that the issuance of a certificate under the Grandfather Clause of the Act involved the exercise of a discretion by the Board, mandamus would nevertheless be the appropriate remedy to coerce the issuance of the certificate if it can be shown that the Board’s refusal was arbitrary, capricious or constituted an abuse of discretion. That was exactly the situation that was present in the Topp case which this court reviewed on appeal. In Topp an applicant sought by mandamus to coerce the respondent Board of Electrical Examiners to issue to him a certificate of competency as an electrician. The petition contended that the applicant had taken and actually passed the examination required of him under the terms of the Act, but that the Board had capriciously and wilfully failed to pass him. It was contended that in doing so the Board abused its discretion and peremptory writ was prayed requiring the Board to issue the certificate applied for. On issue joined by the return to alternative writ, testimony was taken from which the chancellor concluded that the petitioner had failed to demonstrate that the Board had acted wilfully and capriciously in grading his examination paper or had in any other manner abused its discretion. The trial court denied the peremptory writ and dismissed the petition. In affirming the trial court we held that mandamus was a proper remedy to procure the relief sought by the alternative writ, but that petitioner had failed to carry the burden of proving an abuse of discretion.[2]
In the case we now review the chancellor found from the evidence that petitioner Solomon possessed the requisite qualifications entitling him to issuance of a certificate of registration under the Grandfather Clause of the Act. Upon this finding alone the duty of the Board to issue the certificate is ministerial in character and does not involve the performance of a quasi-judicial act in which the Board is vested with a latitude of discretion within the purview of the Greenberg case cited above. If it is to be held that the Board’s action in denying petitioner the certificate of registration was the performance of a quasi-judicial act in which the Board is vested with a discretion, implicit in the trial court’s judgment is the conclusion that the Board abused its discretion for which relief was afforded by the issuance of the peremptory writ. Under this view of the case the relief granted by mandamus is in accordance with the procedure approved by this court in the Topp case. It is my conviction that the majority holding with which I am unable to agree does not accord either with the decision rendered in Greenberg by the Third District Court of Appeal or by the decision in Topp rendered by this court. For these reasons I would affirm the judgment appealed.

. State ex rel. Greenberg v. Dade County, (Fla.App.1960), 120 So.2d 625; Dade County v. State ex rel. Greenberg, (Fla.1961), 126 So.2d 147.

. State ex rel. Topp v. Board of Electrical Examiners for Jacksonville Beach, Fla.App., 101 So.2d 583.