WIGGINTON, Judge
(dissenting).
I regret that I am unable to agree with the majority opinion rendered by my colleagues in which it is concluded that the trial court erred in refusing to quash the alternative writ of mandamus issued in this case for the reason that (a) mandamus is not the proper remedy to obtain the relief sought by appellee Solomon in that appellant Board’s act in rejecting Solomon’s application for registration involved the exercise of judicial discretion which cannot be controlled by mandamus; and, (b) the statement of Solomon’s qualifications for issuance of the disputed certificate as contained in his application are so indefinite, uncertain and incomplete that the Board was justified in rejecting the application and refusing to issue the certificate, which rejection and refusal cannot be questioned by mandamus.
The facts revealed by the record before us established without conflict that Solomon filed his written application with the Board for issuance to him of a certificate of registration as a sanitarian under the provisions of F.S. Sec. 491.07, F.S.A. The application was on a form furnished by the Board and contained all the information called for therein. The chairman of the Board admitted in his testimony before the trial court that no investigation was made for the purpose of determining the correctness or incorrectness of any statement made by Solomon in his application. No hearing was held by the Board for the purpose of enabling Solomon to supplement his application with such additional information or proof as may have been required in order to establish his entitlement to the certificate which he sought. Solomon’s only notification of the action taken by the Board on his application was a letter received from the Board’s secretary in which Solomon was advised that after a review of his application it was determined that he did not meet the requirements for registration as sanitarian under the Grandfather Clause of the Act pursuant to which his application was filed. This notification contained no reasons why the Board considered Solomon unqualified to receive the disputed certificate, nor did it contain any findings by the Board in support of its conclusion. Upon receipt of such notification Solomon instituted this action in mandamus seeking a peremptory writ commanding the Board to issue him a certificate as sanitarian under the provisions of the Sanitarians’ Registration Act. His petition for alterna *751 tive writ contained a copy of his application and alleged facts, which, if true, entitled him to the certificate in question. Upon denial of the Board’s motion to quash the alternative writ an answer was filed and extensive testimony was taken before the court. At the conclusion of the trial the court'issued its peremptory writ of mandamus containing extensive findings of fact based upon the evidence adduced by the parties, together with the conclusion that Solomon had established the requisite qualifications entitling him to a certificate as sanitarian, and commanding the Board to execute and furnish the certificate for which Solomon had applied. It is from the peremptory writ of mandamus that this appeal has been taken.
The majority opinion holds that mandamus is not the proper remedy for obtaining the relief sought by Solomon in this proceeding, and the motion to quash the alternative writ should have been granted.
The proper remedy for seeking judicial review of an order entered by an administrative agency depends upon the nature of the order in question, and the type of relief which would be appropriate under the circumstances. This subject was discussed by the Supreme Court in De Groot v. Sheffield.[1] In De Groot it is pointed out that if the act of the administrative agency is in the performance of a quasi-judicial duty, the action is considered quasi-judicial in character. In order for the agency’s order to constitute a quasi-judicial act, it must represent a judgment based upon competent substantial evidence adduced at a hearing held before it in which the affected party has been given reasonable notice and an opportunity to be heard. Such was the conclusion reached by this court in the Bloomfield case,[2] and accords with the holding of the Supreme Court in De Groot. Such quasi-judicial acts by administrative agencies may be reviewed only by appeal, if such remedy is provided by law. In the absence of such provision, the review must be by certiorari. As said by the Supreme Court in De Groot:
“In certiorari the reviewing court will not undertake to re-weigh or evaluate the evidence presented before the tribunal or agency whose order is under examination. The appellate court merely examines the record made below to determine whether the lower tribunal had before it competent substantial evidence to support its findings and judgment which also must accord with the essential requirements of the law. It is clear that certiorari is in the nature of an appellate process. It is a method of obtaining review, as contrasted to a collateral assault.”
From the foregoing it is evident that had the Board in this case afforded Solomon a hearing on his application for registration as a sanitarian, and after notice and hearing reached the decision that he did not possess the qualifications entitling him to the certificate for which he had applied, the Board’s order would have been quasi-judicial in nature, and the only appropriate method of questioning its legality would have been by petition for writ of certiorari filed in the appropriate court of competent jurisdiction. Although the statute which created and controls the actions of the Board includes the right to conduct hearings on applications for issuance of certificates under the provisions of the act,[3] the Board held no hearing nor did it reach its decision upon evidence touching Solomon’s qualifications, or a lack thereof. Its action was unilateral in character, and was not the result of even a cursory investigation of the statement concerning Solomon’s qualifications as set forth in his application. It follows that the Board’s action in this case was not susceptible of review by certiorari, as there was no record of any proceedings *752 forming the basis of the Board’s order which could have been reviewed by a court of law for the purpose of determining whether the Board’s rejection of the application was based upon substantial evidence and accorded with the essential requirements of law.
If the order of an administrative agency is not quasi-judicial as hereinabove defined, but constitutes action taken by the agency in the discharge of a statutory duty, the order is subject to direct attack in a collateral proceeding. Several methods are provided by law for assaulting the validity of a non-judicial administrative act, the remedy depending upon the nature of the act and the type of relief sought by the affected party. The validity of administrative acts may be questioned in a court of law by the remedy of prohibition where the agency proposes to exceed its jurisdiction or exercise jurisdiction which it does not have. Injunction may be employed to assault administrative action when such action allegedly impinges on some constitutional right. In addition to the foregoing remedies, mandamus is recognized as the appropriate remedy for seeking judicial determination as to the validity of an administrative act taken in the performance of a statutory duty. As said by the Supreme Court in De Groot, supra:
“As contrasted to certiorari, mandamus is an original proceeding to enforce a dear legal right to the performance of a clear legal duty. It is not an appellate writ. As in any original proceeding the record and evidence are made and offered in that proceeding. While it is by nature discretionary it is not an appropriate process to obtain a review of an order entered by a judicial or quasi-judicial agency acting within its jurisdiction. When thus analyzed it is obvious that certiorari and mandamus serve two entirely different functions.”
I am in accord with that portion of the majority opinion which holds that the writ of mandamus may not be used for the purpose of directing or controlling the discretion of an administrative agency acting within the scope of its statutory power. It is equally established, however, that mandamus is the appropriate remedy for assaulting the validity of an administrative act if the act in question is arbitrary, capricious or constitutes an abuse of discretion. In this connection, it is immaterial whether the administrative act in question was taken in the performance of a discretionary or ministerial function.
The case of State v. Willis involved a situation wherein a taxpayer applied to the Florida Industrial Commission for refund of a tax unlawfully exacted of it. The commission rejected the application for refund without conducting a hearing or affording the applicant an opportunity to present evidence regarding his right to the refund which he sought. The applicant thereafter instituted an action in mandamus for the purpose of seeking a judicial determination as to the legality of the commission’s action, and for an adjudication of its entitlement to the questioned refund. The commission applied to this court for a writ of prohibition to restrain the circuit court from exercising jurisdiction in the case on the principle ground that the taxpayer’s appropriate remedy for review of the commission’s order was by certiorari. In denying prohibition this court said:
“The citizen in a case like this has no right of appeal or certiorari to obtain a review by the court, for no hearing has been provided by the legislature which would permit the making of a record that would allow an appellate court judicially to review the agency’s order. Without such a record the only court proceeding which would seem to be available is the Writ of Mandamus, in which proceeding the court would have an opportunity to make the determination as to whether an applicant for an adjustment or refund was entitled to one or the other under the law and the facts. This is exactly what the Respondent in these prohibition pro *753 ceedings has assumed jurisdiction to do in the instant case.” [4]
In State v. Hollingsworth a medical doctor brought a mandamus action against the State Board of Medical Examiners to require that his name be restored to the Board’s roll of doctors legally licensed to practice their profession in Florida. The Statute creating the Board provided that for certain specified reasons the name of a licensed practicing physician may be stricken from the rolls of the Board. The statute prescribed the procedure to be followed by the Board before such action could be lawfully taken. Among other things the statute required that the affected doctor be given notice of the charges against him, and a hearing for the purpose of determining whether his name should be stricken, at which hearing the doctor was granted the opportunity of presenting evidence and being fully heard on his objection to the contemplated action. In that case the Board did not follow the requirements of the statute relative to notice of hearing, but by unilateral action struck the doctor’s name from the roll. In response to an alternative writ of mandamus commanding the Board to restore the doctor’s name to the roll of doctors entitled to practice their profession in Florida, the Board filed a motion to quash on the ground that mandamus was not the proper remedy to review their quasi-judicial act, contending that the appropriate method of review was by appeal as provided in the statute. In disposing of this contention, the Supreme Court said:
“Under the circumstances, there is nothing for the circuit court to review on which it could predicate its judgment. We think, therefore, that, under the allegations of the petition for the alternative writ, the relator is entitled to have his name restored to the roll as prayed for in his petition subject to proper proceedings under the statute.
“The motion to quash is accordingly overruled, and respondents given ten days to answer as they may be advised.” [5]
In the Greenberg case a petitioner in mandamus sought a peremptory writ to coerce the County to issue him a certificate of competency as an electrician. The Act directed the issuance of such certificate to anyone possessing the minimum qualifications set forth in the Grandfather Clause of the Act. The Board was required to consider the application, the proof submitted in support thereof, and to satisfy itself that the applicant possessed the minimum qualifications specified. The County, upon investigation, did not consider that the applicant possessed the necessary qualifications and therefore rejected his application for certificate: The Third District Court of Appeal held that the County’s duties were ministerial rather than discretionary, and that the proof was adequate to show that the applicant relator possessed the necessary qualifications to entitle him to the certificate. It was held that mandamus was the proper remedy, and the court reversed the trial court’s judgment of dismissal and directed that the peremptory writ issue. Review of the District Court’s decision was sought in the Supreme Court by certiorari on the ground of conflict, but certiorari was denied.[6]
Even should it be conceded, as held by the majority opinion, that the issuance of a certificate under the Grandfather Clause of the Act involved the exercise of a discretion by the Board, mandamus would nevertheless be the appropriate remedy to coerce the issuance of the certificate if it is shown that the Board’s refusal was arbi *754 trary, capricious or constituted an abuse of discretion. That was exactly the situation that was present in the Topp case which this court reviewed on appeal. In Topp an applicant sought by mandamus to coerce the respondent Board of Electrical Examiners to issue to him a certificate of competency as an electrician. The petition alleged that the applicant had taken and actually passed the examination required of him under the terms of the Act, but that the Board had capriciously and wilfully failed to pass him. It was contended that in doing so the Board abused its discretion and peremptory writ was prayed requiring the Board to issue the certificate applied for. On issue joined by the return to alternative writ, testimony was taken from which the chancellor concluded that the petitioner had failed to demonstrate that the Board had acted wil-fully and capriciously in grading his examination paper, or had in any other manner abused its discretion. The trial court denied the peremptory writ and dismissed the petition. In affirming the trial court we held that mandamus was a proper remedy to procure the relief sought by the alterna- • tive writ, but that petitioner had failed to carry the burden of proving an abuse of discretion.[7]
In the case we now review the trial court found from the evidence that petitioner Solomon possessed the requisite qualifications entitling him to issuance of a certificate of registration under the Grandfather Clause of the Act. If it is to be held that the Board’s action in denying petitioner the certificate of registration was in the exercise of a lawful discretion, implicit in the trial court’s judgment is the conclusion that the Board abused its discretion for which relief was afforded by the peremptory writ. Under this view of the case the relief granted by mandamus is in accordance with the procedure approved by this court in the Topp case. It is my conviction that the majority holding with which I am unable to agree does not accord with the decisions of this or the other courts of this state as cited above.
Secondarily the majority opinion holds that the motion to quash the alternative writ of mandamus in this case should have been granted for the reason that the statement of Solomon’s qualifications as contained in his application are so indefinite, uncertain and incomplete that the Board was justified in rejecting the application and refusing to issue the certificate. An examination of Solomon’s application convinces me that it states facts which fully comply with the requirements of the Grandfather Clause of the Act entitling him to the certificate he sought. Even if the application should be considered insufficient and indefinite, this alone was not valid grounds for rejecting it. A duty devolved upon the Board to advise Solomon specifically wherein his application failed to adequately dem-onstate the qualifications required of him by the Act, and in the event of a dispute to afford Solomon a hearing on this issue. As stated above, no investigation was made of Solomon’s application, nor were any findings made by the Board specifying the particulars in which his application was considered deficient. The Board’s action in rejecting Solomon’s application as shown by this record does not accord with my conception of due process, nor is it legally sufficient to deprive Solomon of the right granted him by the statute in question. Any deficiencies in Solomon’s application were adequately overcome by the proof adduced by him during the trial before the circuit court. The trial court found that Solomon possessed the qualification prescribed by the Act entitling him to a certificate of registration, which findings are amply supported by the evidence in the record. If the trial court’s denial of the motion to quash the alternative writ because of the vagueness or indefiniteness of the statements contained in Solomon’s application constituted error, it was harmless *755 and forms no basis for a reversal of the judgment appealed in view of the evidence establishing Solomon’s qualifications.
For the foregoing reasons I would affirm the judgment here assaulted.

. De Groot v. Sheffield, (Fla.1957) 95 So.2d 912.

. Bloomfield v. Mayo, (Fla.App.1960) 119 So.2d 417, 421.

. F.S. 491.04(3), F.S.A.

. State ex rel. Florida Industrial Commission v. Willis, (Fla.App.1960) 124 So.2d 48, 51.

. State ex rel. Tullidge v. Hollingsworth, et al., 103 Fla. 801, 138 So. 372.

. State ex rel. Greenberg v. Dade County, (Fla.App.1960) 120 So.2d 625; Dade County v. State ex rel. Greenberg, (Fla.1961) 126 So.2d 147.

. State ex rel. Topp v. Board of Electrical Examiners For Jacksonville Beach, (Fla.App.1958) 101 So.2d 583.