BARKDULL, Judge.
By this action, the appellant seeks review of a peremptory writ of mandamus issued by the circuit court of Dade County. From the record, it appears that the relator, W. H. Bishop, was a licensed plumber in the unincorporated area of Dade County, Florida, for some five years prior to the adoption of the metropolitan form of government in said County. It also appears that the relator made application for an unrestricted occupational license or certificate of competency for all of Dade County [both incorporated and unincorporated areas], within the time limit prescribed in Ordinance No. 17.06(2)[1], Code of Metropolitan Dade County, and that the appellant rejected same on an unrestricted basis and issued to the relator a license for only the unincorporated area. This was in accordance with the general policy of the County, as approved by the County Attorney, which policy was abrogated by a decision of this court in State ex rel. Greenberg v. Dade County, Fla.App.1960, 120 So.2d 625. The sole point urged on appeal to upset the circuit court’s ruling is the appellant’s contention that the relator was not entitled to the relief sought because of the doctrine of laches, he having waited some five years after the decision in State ex rel., Greenberg v. Dade County, supra, before filing his petition for mandamus.
Mandamus is an extraordinary action at law. State ex rel. Perkins v. Lee, 142 Fla. 154, 194 So. 315; 21 Fla.Jur., Mandamus, § 4. Ordinarily, laches is only available in defense of an equity proceeding. Reed v. Fain, Fla.App.1960, 122 So.2d 322; 15 F.L.P., Laches, § 3. However, it has been recognized as a defense to be considered in mandamus matters. State ex rel. Palmer-Florida Corporation v. Green, Fla.1956, 88 So.2d 493; City of Daytona Beach v. Layne, Fla.1957, 91 So.2d 814.
The facts were undisputed. It was within the province of the circuit judge to determine whether the relator’s lawful claim was barred by laches. He declined to deny relief on this ground, and we fail to find that he .committed error in this regard. Bethea v. Langford, Fla.1949, 45 So.2d 496; City of Miami v. Carter, Fla.1958, 105 So.2d 5; Peacock v. Firman, Fla.App.1965, 177 So.2d 560.
Therefore, the peremptory writ here under review be and the same is hereby affirmed.
Affirmed.

. “Proof, submitted by the application that ' has actively, continuously and properly engaged in the trade concerned, in the unincorporated area of Dade County in the category indicated on the current County Certificate, for a period of five years immediately prior to the effective date of this chapter as evidenced by County certificates of competency and State and County Occupation licenses covering such five year period.”